57 F.3d 1065
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Carol H. ABERCROMBIE, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of The Army, U.S. Department
of the Army, Defendant-Appellee.
 No. 94-1627.
 United States Court of Appeals, Fourth Circuit.
 Argued: May 3, 1995.
Decided: June 13, 1995.
 
 ARGUED: Will Abercrombie, Jr., Abercrombie, Hickey & Windsor, P.A., Towson, MD, for Appellant. Kathleen McDermott, Assistant United States Attorney, Baltimore, MD, for Appellee. ON BRIEF: Lynne A. Battaglia, United States Attorney, Baltimore, MD, for Appellee.
 Before HAMILTON and LUTTIG, Circuit Judges, and LIVELY, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant, Carol Abercrombie, brought suit under Title VII, alleging race and sex discrimination on the part of the appellee, the United States Army, in her demotion and suspension without pay at the Army's Aberdeen Proving Ground in Aberdeen, Maryland. At trial, the government called Colonel Robert W. Mortis, Aberdeen's Commanding Officer, to testify as to his reasons for ordering the appellant's demotion and suspension. Over appellant's objection, the district court allowed Colonel Mortis to relate to the jury statements made to him by the appellant's immediate supervisors regarding purported wrongdoing and substandard work performance by the appellant. A jury rendered a verdict in favor of the Army and Abercrombie appealed.
 
 
 2
 The sole issue on appeal is whether the district court abused its discretion in allowing Colonel Mortis to testify as to the statements of other officers involved in the appellant's evaluation and demotion. The appellant claims that these statements were hearsay and were therefore improperly admitted. The government responds that this testimony was not hearsay because it was not offered to prove the truth of the matter asserted--i.e., that appellant's work performance was substandard--but rather was offered to demonstrate that Colonel Mortis did not act with discriminatory intent in ordering the challenged employment action.
 
 
 3
 We find no abuse of discretion. The district court properly concluded that because these statements were offered to demonstrate Colonel Mortis' lack of discriminatory intent in demoting the appellant, they did not qualify as hearsay. As the court instructed upon counsel's objection,
 
 
 4
 One of the issues in this case is ... [Mr. Mortis'] intentions in making a decision that he made, and that is the focus of the case. He is allowed to testify as to what people told him or what he learned and how he learned it so you can evaluate why he did certain things.
 
 
 5
 In so doing, he may be repeating to you what other people told him. He has got to do that in order to explain to you why he did something, and that is the only reason he is allowed to tell you what other people told you [sic].
 
 
 6
 J.A. at 111-12.
 
 
 7
 The judgment of the district court is affirmed.
 
 AFFIRMED